# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**PATRICK L. KING**                                                                               **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 3:17-CV-859-LG-LRA**

**JAMES HOOD, ET AL**                                                       **DEFENDANTS**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 27, 2017, Patrick L. King [hereinafter "Plaintiff"] filed a Complaint [1] in this Court charging Defendants with illegally arresting him. Plaintiff named as Defendants the Mississippi Attorney General and Assistant Attorney General, the investigators, the circuit judge, the court reporter, the former Mississippi Department of Corrections ["MDOC"] Commissioner, the former director of records for MDOC, and current and former state representatives. On the same date, he filed an Application to Proceed in District Court Without Prepaying Fees or Costs, [2], requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*.

Plaintiff is self-employed at JK's Pressure Cleaning Service in Hazlehurst, Mississippi, and performs carpet cleaning as well as concession vending. He estimates his monthly income as $1600 per month, having made $2,634 in September 2017 and $1240 in October 2017. He owns a vehicle and equipment valued at approximately $14,000. He has

$100 in his bank account. He has two dependent minor children and estimates his monthly expenses as $2000 to $7000, depending on the size of his jobs during the month.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that he is employed and has a regular income, the undersigned finds that he could pay filing costs without undue financial hardship if given sixty days to pay the filing fees. He will not be rendered destitute by paying the filing fees in sixty days, as he does have a monthly income. If meritorious, this is a fee-producing case, and Plaintiff will be able to recoup the fees charged in this case. Taxpayers should not bear the costs of private civil litigation unless a litigant is actually barred from the courts due to his finances.

Because Plaintiff will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to

2

proceed *in forma pauperis* be denied.  Plaintiff shall be given sixty days to pay the filing fees in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before **February 5, 2018.**  If Plaintiff does not object to this recommendation, but does not pay the filing fees by **February 5, 2018**, this case should be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiff shall pay the full filing fees in this case on or before **February 5, 2018,** unless he appeals this recommendation to the district judge**.**

THIS the 30th day of November 2017.

>  /s/ Linda R. Anderson
>  UNITED STATES MAGISTRATE JUDGE